ORIGINAL

1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES C. McELWEE,

        Plaintiff,

-vs-

COUNTY OF ORANGE,

        Defendant.
------------------------------------------------------X

'10 CIV 00138

COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiff James C. McElwee brings this action under the Americans With Disabilities Act. As further outlined below, defendant County of Orange discriminated against McElwee in terminating his involvement in the volunteer program at Valley View Nursing Home, a facility operated by this municipality. Defendant also discriminated against McElwee in banishing him from the facility. Defendant has taken action against McElwee on the basis of his disability, Asperger's Syndrome.

## PARTIES

2. Plaintiff is a 35 year-old man who resides in Florida, New York, within this judicial district.

3. Defendant County of Orange is a municipality organized pursuant to the laws of the state of New York. As such, it may sue and be sued. Defendant is a "public entity" under Title II of the Americans With Disabilities Act. As defendant receives federal funding, plaintiff may proceed under the Rehabilitation Act.

## JURISDICTION AND VENUE

4. As plaintiff brings this action under the Americans With Disabilities Act and the

Rehabilitation Act this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1343(3) & (4), 29 U.S.C. § 794(a) and 42 U.S.C. § 12132.

5. As the events giving rise to this case arise in Orange County, this case is venued in Southern District of New York.

**FACTUAL AVERMENTS**

6. James C. McElwee is a disabled individual who has Asperger's Syndrome, a developmental disorder on the autism spectrum characterized by problems in socialization and communication skills. This disorder substantially limits plaintiff's ability to communicate and associate with his peers and colleagues.

7. As recognized by 24 C.F.R. § 9.103, plaintiff's life-long mental impairment substantially affects the major life activities of social interaction skills.

8. Defendant County of Orange operates Valley View Center for Nursing Care and Rehabilitation, located in Goshen, New York. This facility offers comprehensive rehabilitation and specialized sub-acute services.

9. In 1996, plaintiff began volunteering at Valley View, helping staff and residents with housekeeping responsibilities which include janitorial assignments and transporting residents within the building to and from religious and social activities.

10. The facility operates a formal volunteer program, comprised of some twenty to thirty volunteers. This program has a volunteer director, coordinates hours and tasks for volunteers and has an annual recognition program, providing pins, certificates and awards, to reward volunteers for their service. When plaintiff was released from the program, Amy Fey was Director of Volunteers and Activities at Valley View.

11. From 1996 until his termination in November 2009, plaintiff worked four days a week, between the hours of 9:00 a.m. and 3:00 p.m.

12. This volunteer program at Valley View benefits plaintiff and other disabled volunteers in that it improves their self-esteem and allows them to integrate within the larger community by providing a much-needed service to the elderly and infirm. This is particularly true for autistic volunteers like plaintiff who may lack the interactive social skills to consistently perform other jobs but also desire to serve the community and improve upon their vocational and professional skills.

13. For the duration of plaintiff's relationship with Valley View, he was regarded as a good and conscientious volunteer who greatly contributed to the facility.

14. However, on November 24, 2009, plaintiff was advised that a facility employee had complained about him. In particular, the facility's assistant administrator, Robin A. Darwin, told plaintiff that a social worker, Martha Thompson, had complained that plaintiff violated her personal space and that she felt uncomfortable around him.

15. Darwin did not make any effort to meet with plaintiff and Thompson to discuss Thompson's complaint about plaintiff and to either educate Thompson about plaintiff's disability or to otherwise better understand the nature of her concerns about plaintiff. In failing to take these steps to ensure that the volunteer program was being administered in a non-discriminatory manner, Darwin denied plaintiff a reasonable accommodation under the Americans With Disabilities Act and the Rehabilitation Act.

16. Although plaintiff denied any intentional misconduct around Thompson and could

not recall any uncomfortable incidents around her, Darwin's warning to plaintiff that he avoid any contact with Thompson was inherently discriminatory in that Thompson's alleged criticism about plaintiff's social interactions related directly to plaintiff's developmental disability.

17. On December 1, 2009, Darwin mailed plaintiff a letter stating that his volunteer services were no longer needed at Valley View. As plaintiff did not work at the facility from November 25 through the date of his termination, this adverse action stemmed solely from the discriminatory job criticism which Darwin leveled at plaintiff on November 24, 2009.

18. On December 10, 2009, plaintiff and other special-needs persons arrived at Valley View to sing Christmas carols for the residents. Chaperoned by adults, this small group of individuals, including plaintiff, has sung carols at the facility for several years. This activity is welcomed by the facility and its residents each year.

19. When plaintiff arrived at the facility to sing Christmas carols, he was told by the security guard that he was not allowed inside the building because of "what had happened recently." Although another member of plaintiff's group told the security guard, Eric Gould, that plaintiff was with the caroling group, Gould said that he had an "order" prohibiting plaintiff from entering the building.

20. The order prohibiting plaintiff from entering the facility was baseless and discriminatory and deprived him of the opportunity to participate in an activity, i.e., entertaining residents of the facility.

21. By and through its discriminatory misconduct against plaintiff, defendant deprived

4

him of participation in a public program, activity and service solely on account of his disability.

22. Plaintiff was shocked, devastated and humiliated by both his termination from the volunteer program on December 1, 2009 as well as his expulsion from the facility on December 10, 2009.

23. As a result of defendant's discriminatory misconduct, plaintiff has suffered severe emotional distress and anguish, public and private humiliation and loss of self-esteem and purpose.

**CAUSES OF ACTION**

24. Plaintiff incorporates the allegations in ¶¶ 1-23 as if fully re-stated herein.

25. In terminating plaintiff's volunteer activities at Valley View because of his disability, defendant violated the Americans With Disability Act and the Rehabilitation Act in that it excluded a qualified individual from participation in services, programs and activities of a public entity on account of his Asperger's Syndrome.

26. In expelling plaintiff from the facility because of his disability, defendant violated the Americans With Disabilities Act and the Rehabilitation Act in that it excluded a qualified individual from participation in services, programs and activities of a public entity on account of his Asperger's Syndrome.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this action;

b. empanel a jury to fairly hear and decide this action;

c. award to plaintiff compensatory damages for his pain and suffering and humiliation

occasioned by the violation of his federal rights;

d. award to plaintiff reasonable attorneys' fees and costs expended in litigating this action;

e. order defendants to reinstate plaintiff to the volunteer program at Valley View;

f. rescind the order expelling plaintiff from the facility; and

g. order any other relief deemed just and proper.

Dated:   January   , 2010

Respectfully submitted,

*Stephen B*
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

6