UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JAMES C. McELWEE,

        Plaintiff,

                                                Dkt No. 10 Civ. 138 (KTD)

-vs-

COUNTY OF ORANGE,

        Defendant.
-----------------------------------------------------X

## AFFIRMATION PURSUANT TO RULE 56(f) SEEKING CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

STEPHEN BERGSTEIN, having been duly sworn, deposes and states:

1. This firm represents plaintiff in the above-styled case for which defendant has filed a pre-answer motion for summary judgment. I am submitting this affirmation pursuant to Rule 56(f) in order that I make take discovery before I formally respond to the motion.

2. Plaintiff argues that he was terminated from the volunteer program at Valley View Nursing Home in Goshen, New York, because of his disability, Asperger's Syndrome. Defendant argues in this motion that plaintiff's services were terminated after female employees complained about his actions. As the women claimed they did not feel comfortable around plaintiff, we maintain that these complaints inherently referenced his disability because they related to his social interactions and communication skills. Plaintiff further maintains that management had a duty to educate staff about the nature of plaintiff's disability to assure them that, while his behavior may have seemed unusual, this longtime volunteer was harmless and that

his behavior was consistent with his disability, which affects his social interactions and communication skills.

3. Under Rule 56(f), "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

4. "This Circuit has established a four-part test for the sufficiency of an affidavit submitted pursuant to Rule 56(f). The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

5. I wish to take the deposition of the decisionmaker, Robin Darwin, with respect to her affidavit stating that she was not aware that plaintiff was disabled. I do not believe we have to show that Darwin knew that plaintiff has Asperger's Syndrome. It is enough for Darwin to know that he is developmentally disabled. *See, Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) ("the evidence presented, including descriptions of Brady's cerebral palsy, was sufficient to permit the jury to find that he was in fact disabled under the ADA. *See* 42 U.S.C. 12102(2)(A). In addition, we think the record amply supports the conclusion that he was perceived to be disabled. *See* 42 U.S.C. § 12102(2)(C) (defining disability so as to include

2

certain types of impairments or 'being regarded as having such an impairment'). Chin herself testified that she regarded Brady to be slow and that she 'knew there was something wrong' with him. Brady's father testified that the store manager told him that Chin said that Brady 'wasn't fit for the job'").

6. Based on my interactions with plaintiff and observing his mannerisms, it seems evident that anyone interacting with him for even a brief period of time would have reason to believe that he is developmentally disabled. As Darwin worked with plaintiff for four years, it is hard for me to believe that she thought otherwise. Moreover, as reflected in Darwin's typewritten notes of her conversation with plaintiff, his comments and body language (as set forth in the notes) in response to the allegations seem to further confirm that he is developmentally disabled. *See*, Exhibit B to Darwin aff.

7. In its motion, defendant attempts to show that management feared that he was sexually harassing women. Yet, Darwin's interview notes with female colleagues reflect that women felt uncomfortable because plaintiff appeared to stare at them and follow them around. It does not appear that plaintiff touched anyone or engaged in any actionable sexual harassment. It is also unclear from Darwin's notes and affidavit when some of the allegations took place, *i.e.*, whether they were recent or took place long ago.

8. In addition to confirming in deposition that none of the women reported to Darwin that plaintiff engaged in actual sexual harassment, I wish to explore reasonable accommodation issues. Plaintiff maintains that management had a duty to advise his

colleagues that he was diagnosed with Asperger's Syndrome and that he is harmless. It was not an undue burden for Valley View Nursing Home's supervisors to sit down with plaintiff and the women who complained about him in order to clear the air over his unintentional behavior. More broadly, it was not an undue burden for the County to educate staff, residents and volunteers about the nature of plaintiff's disabilities, particularly since he was a valued volunteer and, according to Darwin's "transcript," he had never behaved like this at the facility before, as she told him "this is something new that you're doing." The papers do not show whether management had any training in handling personnel disputes arising from developmental disabilities. I wish to explore that angle in Darwin's deposition.

9. On December 15, 2010, defendant provided to us plaintiff's health information as maintained by Valley View Nursing Home. These records placed the facility on notice that plaintiff is disabled. Each year, the volunteers have to report when they last saw a doctor and whether they take any medication. Plaintiff regularly reported that he was taking Zoloft and Risperdal. This medication confirms that plaintiff has long received treatment for his disability. As Darwin told plaintiff during her investigation that he was a good worker and "this is something new that you are doing," the Darwin deposition would inquire whether she thought to review plaintiff's background prior to terminating his services. That inquiry would have acquainted Darwin with plaintiff's medical records reflecting the use disability-related medication. That knowledge would have triggered the ADA's "interactive process" under which management must work with the plaintiff to reasonably

accommodate his disability.

10. Since the parties have not commenced discovery, I am unable to use any of Darwin's deposition testimony in opposing the summary judgment motion.

11. For these reasons, pursuant to Rule 56(f), this Honorable Court should order a continuance so that I may take Robin Darwin's deposition, allowing plaintiff to appropriately respond to the motion for summary judgment.

Dated:     December 16, 2010

                                                                     STEPHEN BERGSTEIN