UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAMES C. McELWEE,

        Plaintiff,

-vs-                                                    10 Civ. 138 (KTD)

COUNTY OF ORANGE,

        Defendant.
----------------------------------------------------X

## PLAINTIFF'S REPLY TO DEFENDANT'S RULE 56.1 STATEMENT

1. Admit

2. Admit

3. Admit that plaintiff handled janitorial duties, but he also transported residents within the building to and from religious and social activities. (Plaintiff decl. ¶ 3).

4. Admit

5. Admit

6. Admit that Martha Thompson complained to Robin Darwin about plaintiff.

7. Admit

8. Admit that Martha Thompson so complained about plaintiff.

9. Admit that Martha Thompson so complained about plaintiff, but plaintiff recalls having limited interaction with Thompson and he did not intend to make her feel uncomfortable. (Plaintiff decl. ¶ 10).

10. Admit that Martha Thompson so complained about plaintiff, but plaintiff recalls having limited interaction with Thompson and he did not intend to make her feel uncomfortable. (Plaintiff decl. ¶ 10).

11. Admit that Martha Thompson so complained about plaintiff, but plaintiff recalls having limited interaction with Thompson and he did not intend to make her feel uncomfortable, and he waited for her the leave the gift shop before he left that part of the facility. (Plaintiff decl. ¶ 11). Plaintiff also did not intend to harass Thompson or make her feel uncomfortable in the parking lot. *Id.* at ¶ 12.

12. Admit that Thompson so told Darwin.

13. Admit that Darwin spoke with Yvonne about plaintiff.

14. Admit

15. Admit

16. Admit

17. Admit

18. Admit, although plaintiff's statements at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2).

19. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

20. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

21. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

22. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

23. Admit

24. Admit

25. Admit

26. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

27. Admit, although plaintiff's statements and otherwise innocent conduct at the meeting must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

28. Admit that Liz Murphy so told Darwin, although plaintiff denies any misconduct toward her. (Plaintiff decl. ¶¶ 13-15).

29. Admit that Liz Murphy so told Darwin, although plaintiff denies any misconduct

toward her. (Plaintiff decl. ¶¶ 13-15).

30. Admit that Eric Gould so told Darwin about Murphy, although plaintiff denies any misconduct toward Murphy and Thompson. (Plaintiff decl. ¶¶ 7-15).

31. Admit that Gould so told Darwin, although plaintiff's otherwise innocent conduct must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

32. Admit that Gould so told Darwin, although plaintiff denies any misconduct toward Martha Thompson. (Plaintiff decl. ¶ 10-12). Plaintiff's otherwise innocent conduct must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

33. Admit that Gould so told Darwin, although plaintiff denies any misconduct toward Liz Murphy. (Plaintiff decl. ¶ 13-15). Plaintiff's otherwise innocent conduct must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

34. Admit that Gould so told Darwin, although plaintiff's otherwise innocent conduct must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

35. Admit that Gould so told Darwin, although plaintiff's otherwise innocent conduct

must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

36. Plaintiff recalls this incident took place in 1999 and that he did not hit his head against the wall. (Plaintiff decl. ¶ 16).

37. Although plaintiff recalls the dolphin toy, he was not aware of any complaints of "sexual behavior" and there was nothing sexual about his use of the dolphin toy at work. (Plaintiff decl. ¶ 17).

38. Plaintiff recalls this incident took place six or seven years ago and that he asked Decker about her daughter, who was about plaintiff's age. Plaintiff does not recall telling Decker that engagements were made to be broken. (Plaintiff decl. ¶ 18).

39. Admit that Decker so told Darwin, although plaintiff's otherwise innocent conduct must be viewed in the context of his disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

40. Plaintiff does not asking telling Irene Simpson if she knew how big he was or otherwise threatening her. He further recalls that his periods of overanxiousness and pacing took place more than a decade ago. (Plaintiff decl. ¶ 20).

41. Plaintiff does not asking telling Irene Simpson if she knew how big he was or otherwise threatening her. (Plaintiff decl. ¶ 20).

42. Admit that Simpson so told Darwin, although plaintiff's otherwise innocent conduct must be viewed in the context of his disability, Asperger's Syndrome,

5

which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.).

43. In context, plaintiff recalls that, years ago, he did not have self-confidence and was not taking the medication that he takes today. He recalls it was much more difficult for him to deal with his disability back then. (Plaintiff decl. ¶ 20).

44. Plaintiff barely remembers the speedo comment, though he recalls this probably took place more than 10 years ago in the context of plaintiff's joking with co-workers, and no one objected to this comment. He does not recall making sexual comments at work, and no one told him that he was behaving inappropriately. (Plaintiff decl. ¶ 23).

45. Although plaintiff recalls the dolphin toy, he was not aware of any complaints of "sexual behavior" and there was nothing sexual about his use of the dolphin toy at work. (Plaintiff decl. ¶ 17).

46. Deny that Darwin's conclusions were reasonable in light of what she knew or should have known about plaintiff's disability, which affects his communication and social skills. (Loretta McElwee decl. ¶¶ 1, 6-10 & Exhibit 2; Exhibit 8 to Bergstein aff.). Plaintiff and his mother's declarations establish that this disabled man is harmless. Moreover, Darwin's notes of her conversation with plaintiff reflect his unusual mannerisms and speaking style. (Exhibit B to Darwin aff.). Darwin also testified that plaintiff spoke and conducted himself in an unusual manner, which should have signaled that plaintiff is developmentally-disabled. (Darwin dep. 12, 16, 18-20, 22-23, 26).

47. Deny that Darwin's decision to let plaintiff go from the volunteer program were reasonable in light of his disability and her failure to reasonably accommodate plaintiff by educating staff and otherwise taking into account that any of plaintiff's otherwise quirky or strange behavior at work was explained by disability, which affects his communication and social skills. (Plaintiff decl. ¶¶ 24-25; Loretta McElwee decl. ¶¶ 1, 6-10; Darwin dep. 12, 16, 18-20, 22-23, 26; Exhibit 8 to Bergstein aff.). Had there been any doubt beforehand, in speaking with plaintiff's mother the day before Darwin sent out plaintiff's termination letter, she learned from Loretta McElwee that her son was disabled and that the Nursing Home was terminating his volunteer services as a result of his condition. (Exhibit 2 to Bergstein aff.; Loretta McElwee decl. ¶ 14).

Dated: January 20, 2011

Respectfully submitted,

STEPHEN BERGSTEIN

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff